**Entered on Docket**
**July 10, 2009**

_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-09-15153-MKN |
| KIRK-HUGHES DEVELOPMENT, LLC, | Chapter 11 |
| Debtor. | Date:  July 1, 2009<br>Time:  9:30 a.m. |

**ORDER ON MOTION FOR NUNC PRO TUNC**
**ORDER APPOINTING ATTORNEY FOR DEBTOR**

Kirk-Hughes Development, LLC ("Debtor") filed a voluntary Chapter 11 petition on April 6, 2009.  It was a "skeleton" petition unaccompanied by schedules of assets and liabilities or a statement of financial affairs.  The petition is signed by Geraldine Kirk-Hughes as the managing member.  Debtor's address is shown as 2551 S. Fort Apache Road, Suite 103, Las Vegas, Nevada.  The attorney who signed the petition is shown as Judith H. Braecklein of the law firm Kirk-Hughes & Associates, with the same address as the Debtor.

An amended Chapter 11 petition was filed on April 27, 2009.  (Dkt# 23)  The amended petition is signed by Ms. Kirk-Hughes as well as Ms. Braecklein.  On April 28, 2009, Debtor filed its schedules of assets and liabilities ("Schedules").  (Dkt# 25)  The Schedules disclose no personal property assets and no co-debtors on any obligations owed by the Debtor.  The Schedules also disclose interests in three items of real property.  The Schedules are signed by Geraldine Kirk-Hughes as managing member of the Debtor.

On May 11, 2009, in connection with a motion for relief from stay brought by creditor Lantzman Mortgage Fund, LLC, Ms. Kirk-Hughes submitted a declaration attesting that she signed a promissory note in favor of Lantzman both personally and as managing member of the

1  Debtor. (Dkt# 33) This is consistent with the exhibits attached to the declaration.

2  On May 14, 2009, a disclosure of compensation was filed by Judith H. Braecklein of Kirk-Hughes & Associates, certifying that $4,000 was to be paid by the Debtor for services in connection with the bankruptcy case but that none of that amount had been received. (Dkt# 43) On the same date, a Motion for Nunc Pro Tunc Order Appointing Attorney for Debtor ("Employment Motion") was filed seeking to retain Kirk-Hughes Associates as counsel for the Chapter 11 debtor-in-possession. (Dkt# 46) It is accompanied by the Declaration Under Penalty of Perjury of Judith H. Braecklein for Support of Motion for Unc Pro Tunc Order Appointing Attorney for Debtor ("Braecklein Declaration") in which she attests that neither she nor any persons associated with Kirk-Hughes & Associates "has any adverse connection with the Debtor" and that she believes that the law firm is a disinterested person within the meaning of 11 U.S.C. sections 101 and 327. (Dkt# 47)

On May 27, 2009, Debtor filed an amended Chapter 11 petition. (Dkt# 61) It is signed by both Geraldine Kirk-Hughes and Judith H. Braecklein. Included with the amended petition is an amended set of Schedules as well as a statement of financial affairs ("SOFA"). The amended schedule of personal property includes a power boat while the amended schedule of real property includes additional interests in real estate. Item 4 of the SOFA discloses three pending lawsuits two of which indicate that Geraldine Kirk-Hughes is a named defendant. Item 9 of the SOFA indicates that the Debtor's filing fees for the bankruptcy proceeding were paid by Kirk-Hughes & Associates. Item 21 of the SOFA discloses that Kirk-Hughes & Associates, Inc. is a current member of the Debtor having a 7 percent membership interest. A separate entity identified as Kirk-Scott, Limited, with the identical address as the Debtor and Kirk-Hughes & Associates, also is shown as being a current member of the Debtor having a 51.5 percent membership interest. An individual identified as Eddie Contreras, with the same address as the Debtor, Kirk-Hughes & Associates, and Kirk-Scott, Limited, also is shown as being a current member of the Debtor having a 0.5 percent membership interest. The SOFA, as well as the Schedules, are signed by Geraldine Kirk-Hughes as managing member of the Debtor.

On May 28, 2009, Debtor filed a list of equity security holders that repeats the ownership information that was set forth in the SOFA. (Dkt# 63) Kirk-Hughes & Associates, Kirk-Scott, Limited and Eddie Contreras are shown with the same membership interests in the Debtor.

Any initial hearing on the Employment Application was held on June 24, 2009, at which time Ms. Braecklein was directed to file a supplemental declaration that conforms with the disclosure requirements under Bankruptcy Rule 2014(a). The hearing was continued to July 1, 2009.

On June 30, 2009, an amended declaration was filed by Ms. Braecklein that adds two paragraphs that were not included in the initial Braecklein Declaration. (Dkt# 67) The additional paragraphs state as follows:

- **Your Declarant is not an** officer, director or **employee** of the Debtor **or of any entity or person associated with the Debtor**. I have represented the Debtor in the past and believe it is in the best interest of the Estate to represent the Debtor in this matter as I do not hold any interest adverse to the Debtor or the Estate.
- Your Declarant is not a Creditor of the Debtor nor do I represent anyone who is a Creditor of the Debtor nor do I own any shares of the Debtor.

(Emphasis added.) Amended Declaration Under Penalty of Perjury of Judith H. Braecklein for Support of Motion for Unc Pro Tunc Order Appointing Attorney for Debtor ("Amended Braecklein Declaration") at ¶¶ 5 and 6.

On July 1, 2009, the continued hearing on the Employment Motion was concluded and the matter was taken under submission. On the same date, Debtor filed its first monthly operating report in the case for the month ending April 30, 2009. (Dkt# 69)

To be employed as counsel for a Chapter 11 debtor-in-possession, 11 U.S.C. section 327(a) requires, inter alia, that proposed counsel be a "disinterested person." 11 U.S.C. section 101(14)(C) provides, that a "disinterested person" means a person that "does not have an interest

materially adverse to the interest of the estate or to any class of creditors . . . by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

Bankruptcy Rule 2014(a) requires that an application seeking employment of a professional under 11 U.S.C. section 327 must be accompanied by a verified statement of the person to be employed "setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

As outlined above, Geraldine Kirk-Hughes is the managing member of the Debtor, a principal of Kirk-Hughes & Associates, and the latter is a member of the Debtor limited liability company. Ms. Kirk-Hughes also is a co-obligor with the Debtor with respect to the loan in favor of Lantzman Mortgage, but that was never disclosed in the codebtor schedule that was filed in the case. Ms. Kirk-Hughes also is a named defendant, along with the Debtor, in as many as three pending lawsuits. The Kirk-Hughes law firm shares the same address as the Debtor and it is unclear whether the law firm and the Debtor share expenses. The only monthly operating report filed by the Debtor reflects no operating expenses in April 2009 other than salaries, management fees, and receivership fees. The Kirk-Hughes law firm paid the filing fees for the Debtor. It also is unclear whether Ms. Kirk-Hughes has any relationship with Kirk-Scott, Limited, which has the majority membership interest in the Debtor. It is noteworthy that the only declarations in support of the Employment Motion were filed by Ms. Braecklein rather than by Ms. Kirk-Hughes. It also is disturbing to say the least that Ms. Braecklein attests in the Amended Braecklein Declaration that she is not an employee of any entity or person associated with the Debtor when she clearly is employed by one of the Debtor's members. Based on all of these circumstances, the Kirk-Hughes law firm has not demonstrated that it is a disinterested person within the meaning of 11 U.S.C. section 101(14).

A Chapter 11 debtor-in-possession has a fiduciary obligation to all parties in interest, not just its investors. See generally 7 Collier on Bankruptcy, ¶1107.02 (Alan N. Resnick & Henry J.

Sommer 15th ed. rev. 2009). A corporate debtor-in-possession cannot put the interests of its shareholders ahead of its creditors. See Wolf v. Weinstein, 372 U.S. 633, 649-52 (1963). Counsel for the debtor-in-possession therefore has a crucial role in ensuring that those fiduciary obligations are met and cannot properly perform that function where a conflict is present. See In re Sonicblue Inc., 2007 WL 926871 at * 11 (Bankr.N.D.Cal. Mar 26, 2007). This is particularly true since the attorney-client privilege belongs to the bankrupt entity and may be waived by a bankruptcy trustee in the event one is appointed. See Commodity Futures Trading Corp. v. Weintraub, 471 U.S. 343 (1985).

Debtor's schedules reflect that it has numerous secured and unsecured creditors to whom it has fiduciary obligations. Even if conflict waivers would permit otherwise non-disinterested counsel to be employed under 11 U.S.C. section 327(a), such waivers arguably would have to be obtained from all parties to whom fiduciary obligations are owed.[1]

Kirk-Hughes & Associates is not disinterested and it cannot be employed as general bankruptcy counsel for the Debtor under 11 U.S.C. section 327(a).

**IT IS THEREFORE ORDERED** that Debtor's Motion for Nunc Pro Tunc Order Appointing Attorney for Debtor be, and the same hereby is, **DENIED.**

Copies noticed through ECF to:

    GERALDINE KIRK-HUGHES gkhughes@kirkhugheslaw.com,
        tarmstrong@kirkhugheslaw.com

    U.S. TRUSTEE - LV - 11 USTPRegion17.lv.ecf@usdoj.gov

and sent to BNC to:

---

[1] Even if the Debtor's members were willing to absolutely waive any conflict of interest created by the concurrent representation of the Debtor as well as Ms. Kirk-Hughes in the pending litigation, such waivers are ineffective in light of the Debtor's fiduciary obligations to all creditors of the bankruptcy estate. See In re S.S. Retail Stores Corp., 211 B.R. 699, 703 (B.A.P. 9th Cir. 1997).

1  JUDITH BRAECKLEIN
2  2551 S FORT APACHE RD, STE 103
   LAS VEGAS, NV 89117
3
4  KIRK-HUGHES DEVELOPMENT, LLC
   2551 S. FORT APACHE RD, STE 103
5  LAS VEGAS, NV 89117

6

7  All parties on BNC mailing list

8

9
                                                # # #
10